IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUDITH A. GOLDIE,   )
      Plaintiff,   )
  -vs-   )   Civil Action No. 16-1186
NANCY A. BERRYHILL,[1]   )
COMMISSIONER OF SOCIAL SECURITY,   )
      Defendant.   )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.   BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since March 10, 2014. (ECF No. 8-6, pp. 2, 12). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on April 1, 2014. (ECF No. 8-3). On April 18, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 23-35).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence. (ECF No. 11, pp. 17-20). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff basically argues that the ALJ erred in giving little weight to the medical opinion of Dr. Newman, the consultative psychologist, while giving great weight to the state agency reviewing physicians. (ECF No. 11, pp. 18-20). In summarizing the evidence, the ALJ referred to Plaintiff's mental status exams as remaining stable. (ECF No. 8-2, pp. 32-33). To that end, Plaintiff first argues that the ALJ mischaracterizes Plaintiff as being "stable." (ECF No. 11, pp. 18-19). After a review of the record, I disagree. Contrary to Plaintiff's position, there is substantial evidence of record indicating Plaintiff is stable. (ECF No. 8-35, p. 9, 12-13). Consequently, I find no error in this regard.

Next, Plaintiff suggests that it was improper of the ALJ to reject Dr. Newman's assessment because it was a "one-time snapshot" of Plaintiff's limitations. (ECF No. 11, p. 19). After a review of the record, I disagree. With regard to Dr. Newman, the ALJ stated:

> Dr. Newman, the consultative psychologist felt that the claimant had marked limitations in carrying our (sic) complex instructions, social interactions, and work changes/situations (Exhibit 20F). This opinion is given little weight because it is [a] one-time snapshot of the claimant's functioning and is not consistent with the notes from the claimant's treating psych practitioner that document's (sic) the claimant's mental status over several months. The claimant presented as irritated at this appointment and was annoyed that she had to undergo intelligence testing, which may have influenced Dr. Newman's opinion of the claimant.

(ECF No. 8-2, p. 32). In this case, the ALJ was recognizing that the consultative examination is a one-time event unlike treatment records which paint a longitudinal treatment history of a plaintiff. 20 C.F.R. § 416.927(c)(1). The type of relationship is an appropriate factor in weighing medical opinions. 20 C.F.R. §§404.1527; 416.927. Consequently, I find nothing improper with this statement.

Finally, Plaintiff submits that the ALJ substituted his lay opinion when he concluded that "Plaintiff's irritability and annoyed presentation 'many have influenced Dr. Newman's opinion of Plaintiff.'" (ECF No. 11, pp. 19-20). After a review of the evidence, I disagree. Dr. Newman specifically stated in his report that Plaintiff, *inter alia,* was irritable and defensive, she found intelligence testing offensive and took it personally, and it took Dr. Newman time to calm Plaintiff down. (ECF No. 8-33, pp. 6-7). As a result, Dr. Newman specifically acknowledged that the results of the evaluation are considered to be only partly valid and reliable. *Id.,* at p. 8. Thus, I find that the ALJ's statement was not based on his own lay opinion but on substantial evidence. *Id.* Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUDITH A. GOLDIE,)
)
    Plaintiff,)
)
-vs-) Civil Action No. 16-1186
)
NANCY A. BERRYHILL,[2])
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 31st day of July, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.